## AMOS D. TURLEY, ET AL., *v.* J. J. KELLY.

**Sufficiency of Answer Pleading Fraud.**

> An answer to a suit on a note is good which avers that the note was given as a part of the purchase money of land, and that the vendor, to induce him to purchase and execute the note in question, fraudulently represented that he had a fee simple title, and that plaintiff had only a life estate in such land, and that by such fraudulent representations he had been induced to purchase, and by reason of the defect in the title to the land he had been damaged $250.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

December 6, 1877.

OPINION BY JUDGE ELLIOTT:

To a suit on a note by the appellee, the appellant, Amos D. Turley, alleged that the note sued on was executed in part consideration of a tract of land bought by him from appellee, and that to induce him to purchase the appellee fraudulently represented that he had a fee simple title to the land. He further stated in his answer that so far from having a perfect title to the land the appellee had acquired about two acres thereof from his father, Richard P. Kelly, by devise, which only gave him a life estate to the two acres, and that by the fraudulent representation of the appellee he had been induced to purchase, and by the defect in the title to the land he had been damaged $250.

To this answer a demurrer was sustained.

We are of opinion that the answer set up a good defense to the plaintiff's claim, for if true he owed him nothing. It is contended, however, that the defense was not good because appellant failed to aver that the contract was in writing. We apprehend that it makes no difference whether the contract was in writing or not, for when the vendor attempts to enforce a verbal contract for land by a suit for the purchase price he is as responsible for his fraudulent misrepresentation of his title as if the contract had been in writing.

As to the note obtained by the appellant from Trimble, it was not due and was properly rejected as a defense to the action.

But for the error indicated the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Tyler & Hazelrigg, for appellants.*

*Apperson & Reid, for appellee.*